**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE MEDINA-NAVEJAR,

Defendant - Appellant.

No. 14-50056

D.C. No. 3:12-cr-04665-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 8, 2015
Pasadena, California

Before: REINHARDT, FERNANDEZ, and CLIFTON, Circuit Judges.

Felipe Medina-Navejar appeals his conviction for attempted illegal reentry

in violation of 8 U.S.C. § 1326. We affirm.

First, Medina argues that the prosecutor committed misconduct during her

closing argument when she suggested that, at the time of his arrest, Medina did not

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

express surprise or provide an innocent explanation for his presence in the United States. Medina argues that this was misconduct because the prosecutor knew that a few hours after his arrest Medina told a Border Patrol Agent that he had accidentally crossed the border.[1]

It is well within the bounds of fair advocacy for a prosecutor to ask the jury to draw "reasonable inferences from the evidence presented at trial." *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997). Because the prosecutor did nothing more, her closing argument was proper. First, she accurately summarized testimony regarding Medina's answers to a Border Patrol Agent at the scene of arrest (Medina admitted that he was a Mexican citizen and did not have permission to be in the United States). Then she asked the jury to infer that Medina must have known that he was in the United States because he did not express surprise when the United States Border Patrol Agent arrested him. The evidence introduced at trial was easily sufficient to support this reasonable inference. The fact that, some hours later, Medina told a Border Patrol Agent that he accidentally crossed the border is irrelevant. The prosecutor did not argue that Medina *never* offered

---

[1]A conviction for attempted illegal reentry under § 1326 requires proof that "the defendant had the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc).

exculpatory statements[2] but instead that Medina did not appear surprised, at the time of his arrest, to encounter a U.S. Border Patrol Agent.

Second, Medina argues that the district court erred in its instructions to the jury. He maintains that a conviction for attempted illegal reentry requires proof of intent to violate the immigration laws and that the district court failed to instruct the jury as to that element. In *United States v. Gracidas-Ulibarry*, we held that the intent element for an attempted illegal reentry conviction is "the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General." 231 F.3d at 1196. Because the district court instructed the jury using indistinguishable language, it did not err in its jury instructions.

Accordingly, the judgment of the district court is **AFFIRMED**.

---

[2] No evidence at trial suggested–nor does Medina argue now–that, at the time of his arrest, Medina provided an innocent explanation for crossing the border.